IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**DESIGN BASICS, LLC,**

        **Plaintiff,**

v.

**THE ESTATE OF GARY L. AUS,**
by and through CHRISTINE E. AUS,
its Personal Representative, and
**AUS CONSTRUCTION, L.L.C.,** et al.,

        **Defendants.**

Case No.: 2:12-cv-02437-JTM-JPO

**AGREED PROTECTIVE ORDER**

During the course of this litigation, production may be required of information that is considered to be confidential, proprietary and/or otherwise private and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Such information includes sensitive financial information of the parties, nonpublic information about customers of the parties (including the customers' own sensitive financial information), and proprietary business information such as marketing plans, any of which would establish the good cause necessary to warrant protection under Federal Rule of Civil Procedure 26(c). Accordingly, the Parties propose the following terms and conditions, which will govern the production and/or disclosure of information in the instant litigation by the Parties, as well as by non-parties who choose to be bound by this Protective Order, and the Parties further respectfully request the Court enter and approve this Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

Based on the foregoing stipulation and findings, the Court finds good cause exists under Federal Rule of Civil Procedure 26(c) to enter this Stipulated Protective Order.

      **IT IS THEREFORE HEREBY ORDERED AS FOLLOWS:**

1.     **DEFINITIONS**

      **1.1**    **Party.** Any party to this action, including all of its officers, directors, members and

employees.

1.2     **Disclosure or Discovery Material.**  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter, by the Parties, or by non-parties who have voluntarily agreed to be bound by this Protective Order by executing the Confidentiality Agreement attached hereto as **Exhibit A**.

1.3     **"Confidential" Information or Items.** Information that has been previously maintained as confidential, is valuable in the parties' respective businesses, and the disclosure of which would cause one or more parties or their businesses to suffer specific prejudice or harm because their competitive advantage would be compromised or lost, or which would cause any party to be subject to annoyance, embarrassment or oppression.  Such information may include, but is not limited to, (1) nonpublic customer information, including customers' personal financial information and details of the financial relationship between the customer and the Producing Party; (2) nonpublic information of third parties (other than customers), (3) proprietary marketing materials and data; and, (4) sensitive financial information.

1.4     **Receiving Party.**  A Party (to this action) that received Disclosure or Discovery Material from a Producing Party.  By way of clarification, non-parties to this action, including without limitation the Court and its personnel, court reporters and their staffs, and Professional Vendors, are <u>not</u> considered Receiving Parties under this Protective Order, unless they have agreed to be bound by this Protective Order by executing the Confidentiality Agreement attached hereto as **Exhibit A**.

1.5     **Producing Party.** A Producing Party is (1) a Party that produces Disclosure or Discovery Material in this action; or, (2) any non-party that produces Disclosure or Discovery Material and who voluntarily chooses to be subject to the terms of this Protective Order by executing the Confidentiality Agreement attached hereto as **Exhibit A**.

1.6     **Designating Party.** A Designating Party is (1) a Party that designates information or items that it produces in disclosures or in response to discovery as "Confidential;" or, (2) a non-party

who voluntarily chooses to be subject to the terms of this Protective Order and who voluntarily designates information or items that it produces in disclosures or in response to discovery as "Confidential," subject to this Protective Order by executing the Confidentiality Agreement attached hereto as **Exhibit A**.

    **1.7** **Protected Material.** Any Disclosure or Discovery Material that is designated as "Confidential," "Confidential Information," "Protected Material" or some other similar designation of confidentiality.

    **1.8** **Outside Counsel.** Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

    **1.9** **Expert.** A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

    **1.10** **Professional Vendors.** Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing retrieving data in any form or medium, etc.) and their employees and subcontractors.

2. **DESIGNATING PROTECTED MATERIAL**

    **2.1 Exercise of Restraint and Care in Designating Material for Protection.**

In designating information as Protected Material, the Producing Party will make such designation only as to that information that it in good faith believes to be confidential, proprietary, or otherwise warranting of protection and, to the extent possible and reasonable, shall so designate only the specific portions of such documents or materials which contain such confidential or proprietary information, or which otherwise warrant protection.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party shall promptly notify all other Parties that it is withdrawing the mistaken designation.

**2.2      Manner and Timing of Designations.**  Except as otherwise provided in this Order, or as otherwise stipulated in writing between the Parties or ordered, material that qualifies for protection under this Order must be clearly so designated before or at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" on each page that contains protected material.  If a Producing Party is making original documents or materials available for inspection, it need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During such inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."   After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and affix any appropriate legend on each page containing Protected Material before such pages are produced.

(b)      For testimony given in deposition or in other pretrial proceedings, the Producing Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days after receipt of a transcript to identify the specific portions of the testimony as to which protection is sought. Such designation may include any and all exhibits to such depositions or testimony or any documents, items, or tangible things referenced in it. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

The Designating Party offering or sponsoring the witness or presenting the testimony shall request that the court reporter separately bind transcript pages containing Protected Material and affix to the top of each such page the legend "CONFIDENTIAL."

(c)      For information produced in some form other than documentary, and for any other tangible items, the Designating Party shall affix in a prominent place on the exterior of the container

or containers in which the information or item is stored, or on the item itself, the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.

(d) Other means of labeling as confidential any Protected Material may be used if agreed upon by all parties.

**2.3  Inadvertent Failure to Designate.**  An inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

3. **ACCESS TO AND USE OF PROTECTED MATERIAL**

**3.1  Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by a Designating Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 8, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

**3.2  Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Confidentiality Agreement" attached hereto as **Exhibit A**;

(d) The Court and its personnel;

(e) Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(f) The author of the document or the original source of the information;

(g) All known recipients of the document, as well as any other person reasonably connected to the document.

**3.3 Execution and Maintenance of Each "Confidentiality Agreement" Executed by an Expert.**

In the event Confidential documents are disclosed to a Receiving Party's Expert pursuant to Section 3.2(c), above, the Receiving Party shall maintain the original executed copy of the Confidentiality Agreement for each such expert in the Receiving Party's files. In addition:

(a) If the Expert is one whose identity must be disclosed pursuant to Fed. R. Civ. P. 26(a)(2), the Receiving Party shall produce a copy of the executed Confidentiality Agreement concurrent with its disclosure of all other material required pursuant to Fed. R. Civ. P. 26(a)(2)(B)(ii).

(b) If the Expert is one whose identity is not required to be disclosed pursuant to Fed. R. Civ. P. 26(a)(2), the Receiving Party shall produce a copy of the executed Confidentiality Agreement for each such expert to all other Parties within thirty days after the final termination of this action.

4. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**4.1** A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**4.2** Any Party may object to the designation by the Designating Party of any material as CONFIDENTIAL, and such an objection, and the process for resolving the dispute, shall be made as follows:

(a) The Receiving Party shall notify the Designating Party in writing of its objection(s) to the confidentiality designations. This notice shall include, at a minimum, a specific identification of the designated material objected to as well as the reason(s) for the objection.

(b) The Receiving Party shall thereafter have the burden of conferring either in person or by telephone with the Designating Party claiming protection (as well as any other interested party) in a good faith effort to resolve the dispute.

(c) A Receiving Party challenging a designation may proceed to the next stage of the challenge process only after it has engaged in this meet and confer process. Notwithstanding any such challenge to the designation of material as CONFIDENTIAL, all such material so designated shall be treated as such and shall be subject to the provisions of this Protective Order until one of the following occurs: (1) the Designating Party withdraws such designation in writing; or (2) the Court rules that the designation is not proper and that the designation be removed.

**4.3** **Judicial Intervention.** A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

The burden of proof in any such challenge proceeding shall be on the Party challenging the designation to prove the necessity of exclusion of the material from this Protective Order.

The parties agree to seek judicial intervention under this Section 4.3 only as a last resort, after efforts at informal agreement among the parties and their attorneys have failed.

5. **FILING OF PROTECTED MATERIAL**

Should either Party seek to file Protected Material with the Court for any purpose, the Party seeking to file the document must first file a motion with the Court and be granted leave to file the particular document under seal, and the filing must be done in accordance with Local Rule 5.4.6. In addition, the Party filing such Protected Material shall electronically serve a copy of said material on all

other Parties. Such service shall take place on the same date that the Protected Materials are filed with the Court. To ensure clarity, simply filing the Protected Materials via the Court's ECF system shall not constitute compliance with this Section 5; the materials must be transmitted electronically directly from the filing Party to all other Parties.

6. **UNAUTHORIZED AND/OR INADVERTENT DISCLOSURE OF PROTECTED MATERIAL.**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use commercially reasonable efforts to retrieve all copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons respect the terms of this Order. This requirement should not be read to impose any specific obligations on any non- party receiving an inadvertent disclosure.

The inadvertent or unintentional disclosure of Protected Material, regardless of whether such item was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of any party's claim of protection, provided that the disclosing party informs all other parties of such inadvertent or unintentional disclosure and claim of protection within a reasonable time after learning of the disclosure. Likewise, no party receiving such inadvertent or unintentional disclosure of Protected Material will be in violation of this order for further disclosing such information.

7. **PROTECTED MATERIAL SUBPOENAED OR ORDERED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, electronically in writing immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena

or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court or requiring non-parties to this action to take any specific actions subject to this Protective Order.

8. **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must either return all Protected Material to the Producing Party, or certify that it has been securely destroyed (shredded or otherwise made unusable). As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) that indicates that all Protected Material was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies of Protected Material must be maintained in conformity with this Protective Order, and a Designating Party may seek leave to reopen the case to enforce the provisions of the Protective Order if necessary.

9. **MISCELLANEOUS**

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Nothing in this Order shall be construed to require the production of any documents, items, or things which are not otherwise required to be produced in accordance with the Federal Rules of Civil Procedure, as applicable. This Protective Order is without prejudice to the right of the Parties to oppose the admissibility at trial of any Confidential information on the grounds of lack of relevancy, privilege, or any other legal reason, and nothing in this Protective Order, or compliance with its terms, shall be deemed to waive any applicable privilege or to preclude any Party or interested member of the public, as applicable, from later seeking and obtaining, on an appropriate showing, relief from its terms or additional protection by an Order of the Court.

IT IS SO ORDERED.

Dated on this 26th day of February, 2013.

    s/ James P. OHara
Honorable James P. O'Hara
U.S. Magistrate Judge


APPROVED AS TO FORM & SUBSTANCE:

MUSTOE LAW FIRM, LLC

/s/ Steven H. Mustoe
Steven H. Mustoe, KS Bar# 15212
US Bank Building, 2nd Floor
5100 W 95th Street, Suite 260
Prairie Village, KS 66207
T: 913.440.0004 | F: 913.341.2293
Email: smustoe@mustoelawfirm.com

and

Dana A. LeJune, SBN# 12188250
3006 Brazos Street
Houston, TX 77006
T: 713.942.9898 | F: 713.942.9899
Email: dlejune@triallawyers.net

ATTORNEYS FOR PLAINTIFF

SANDERS WARREN & RUSSELL, LLP

/s/ Douglas P. Hill
Bradley S. Russell, KS Bar# 13734
Douglas P. Hill, KS Bar# 24897
Neil C. Gosch, KS Bar# 24234
40 Corporate Woods, Suite 1250
9401 Indian Creek Parkway
Overland Park, KS 66210
T: 913.234.6100 | F: 913.234.6199
Email: b.russell@swrllp.com
Email: dp.hill@swrllp.com
Email: n.gosch@swrllp.com
ATTORNEYS FOR DEFENDANTS
ESTATE OF GARY L. AUS,
AUS CONSTRUCTION, L.L.C.
AND CHRISTINE ELLEN AUS


LARSON & BLUMREICH, CHTD.

/s/ Craig C. Blumreich
Craig C. Blumreich, KS Bar# 10119
5601 SW Barrington Court South
PO Box 4306
Topeka, KS 66214
T: 785.273.7722 | F: 785.273.8560
Email: craig@lbc-law.com
ATTORNEY FOR DEFENDANTS
ANGEL FALLS, LLC,
IDA DEVELOPMENT, LLC,
WAYNE EDWARD DOMANN,
JANICE KAYLEEN DOMANN,
BEN DOMANN HOMES, LLC
AND BEN DOMANN


DYSART TAYLOR COTTER
McMONIGLE & MONTEMORE, P.C.

/s/ Lee B. Brumitt
Lee B. Brumitt, KS Bar# 23397
Michael J. Judy, KS Bar# 22916
Patrick Guinness, KS Bar# 25374
4420 Madison Avenue
T: 816.931.2700 | F: 816.931.7377
Email: lbrumitt@dysarttaylor.com
Email: mjudy@dysarttaylor.com
Email: pguinness@dysarttaylor.com
ATTORNEYS FOR DEFENDANTS
WALTER BROWN AND DIANE BROWN

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

| | |
|---|---|
| **DESIGN BASICS, LLC,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**THE ESTATE OF GARY L. AUS,** by and through CHRISTINE E. AUS, its Personal Representative, and **AUS CONSTRUCTION, L.L.C.,** et al.,<br><br>    **Defendants.** | **Case No.: 2:12-cv-02437-JTM-JPO** |

**ACKNOWLEDGEMENT OF CONFIDENTIALITY AGREEMENT**

  1.  I acknowledge that I have read and that I understand the Protective Order entered in this action and hereby agree to abide by its terms and conditions.

  2.  I agree to return upon request, at the conclusion of this litigation or upon termination of my engagement or involvement, all information that comes into my possession (as well as all documents which I have prepared related to such information) to the party or attorneys by whom I was engaged.

_____/_____/_____
Date

_____
Signature

_____
Printed Name & Phone Number