# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DESIGN BASICS, LLC,

               Plaintiff,

v.                                            Case No. 12-2437-JPO

ESTATE OF GARY LEE AUS, et al.

               Defendants.

## **ORDER**

This is a complex copyright infringement case with only one of fourteen defendants remaining in the case. The plaintiff, Design Basics, LLC, contends the insured-defendant, Aus Construction, LLC, infringed its "Lancaster" and "Rosebury" copyrights by designing and building homes substantially similar to the homes depicted in these copyrighted plans. Plaintiff seeks recovery of defendant's gross profits earned from the sale of these homes, prejudment interest, and attorneys' fees and expenses. The matter is currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, on motions to intervene filed by two of defendant's liability insurers, Westport Insurance Corporation ("Westport") and Utica National Insurance Company ("Utica") **(ECF docs. 110 and 116)**. Westport and Utica seek to intervene as defendants in this case to defend against plaintiff's claims. Plaintiff opposes the motions to intervene (ECF doc. 121). Defendant has not filed a timely response. For the reasons discussed below, the motions are granted.

Westport and Utica seek intervention under Rule 24(a) and (b) of the Federal Rules of Civil Procedure. Specifically, Westport and Utica argue that they have a substantial interest in the instant litigation and that the existing parties will not adequately represent that interest. This implicitly invokes the standard for intervention under Rule 24(a)(2). Under this part of Rule 24(a), a court must permit anyone to intervene who, on a timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[1] Even if the court determines that intervention as of right is not appropriate, the court may permit anyone on timely motion to intervene under Rule 24(b)(1)(B), who "has a claim or defense that shares with the main action a common question of law or fact," and after considering whether the intervention "will unduly delay or prejudice the adjudication of the original parties' rights."[2]

## I. Timeliness

The court evaluates timeliness "in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the

---

[1] Fed. R. Civ. P. 24(a)(2); *see also WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009); *Univ. of Kansas Ctr. For Research, Inc. v. United States*, No. 08-2565, 2009 WL 2877645, at *2-3 (D. Kan. Sept. 2, 2009).

[2] *Univ. of Kansas Ctr. For Research, Inc.*, 2009 WL 2877645, at *2.

existing parties, prejudice to the applicant, and the existence of unusual circumstances."[3] Westport and Utica tendered their reservation of rights letters to defendant on September 1, 2010 and March 14, 2012. The instant suit was filed on July 12, 2012 (ECF doc. 1). Since that time, discovery has commenced and closed,[4] the parties have mediated, and plaintiff has made a settlement offer within the policy limits of defendant's insurance coverage. On October 1, 2013, defendant demanded that Utica and Westport either accept the settlement offer or withdraw their reservations of rights and accept coverage. Utica and Westport declined defendant's demand.

On or about November 27 2013, defendant rejected its insurers' conditional defense, hired personal (non-insurance) counsel, and entered into a settlement agreement that provides that defendant will not contest plaintiff's request for judgment provided that plaintiff limit its collection efforts to any policy of insurance; the new lawyers for defendant formally entered their appearances in this case the same day (ECF doc. 97). On December 2, 2013,[5] the court entered an order setting a bench trial on December 19, 2013, noting that the parties had waived their right to a jury trial and had consented to a

---

[3] *Id.* at *3 (citing *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1249 (10th Cir. 2001)).

[4] Discovery closed on November 15, 2013 (ECF doc. 88).

[5] As of December 2, 2013, insurance counsel for defendant was still receiving ECF notifications in this case as it did not withdraw its appearance until December 3, 2013. Based on the foregoing, it is unclear why Utica and Westport claim they knew nothing of the bench trial until the day before the trial and only following a "computer search" of this court's internet docket.

O:\ORDERS\12-2437-JPO-110.docx

3

bench trial before the undersigned (ECF doc. 104). On December 3, 2013, insurance counsel withdrew their appearance in this action (ECF doc. 107). It was not until the eve of trial, December 18, 2013, that Utica filed its motion to intervene (ECF doc. 110). On December 24, 2013, Westport filed its motion to intervene (ECF doc. 116).

Utica knew it had a potential interest in this case since it issued its reservation of rights letter to defendant on September 1, 2010. Westport knew of its potential interest in this case as early as March 14, 2012. Utica claims it is a "newcomer" to this lawsuit and did not discover the December 18, 2013 hearing until December 17, 2013.[6] But Utica and Westport both knew of this suit before it was filed and knew they may be responsible for indemnifying defendant for any judgment entered depending on their insurance policies' "doubtful application to the underlying claim."[7] The potential that Utica or Westport may have a contingent interest in this action should not come as a surprise to them.

Plaintiff argues the movants' intervention will prejudice the existing parties by "needlessly prolonging the resolution of this case."[8] Utica responds that the "timing takes place as it does because the conditions necessitating Intervention of right commenced only a few weeks ago, when the original trial counsel was forced out of the

---

[6] ECF doc. 113 at 2.

[7] ECF doc. 110 at 1.

[8] ECF doc. 121 at 7.

case, their summary judgment withdrawn and the December 19 trial on damages scheduled with no notice to Utica."[9]

Plaintiff may be inconvenienced by the movants' intervention. But the court is not convinced that prejudice will necessarily follow. The circumstances and current posture of this case are unique in that intervention may not have appeared to be necessary until defendant rejected the defense provided by its insurance counsel and stated its intention to enter into a consent judgment. That moment is likely the first time that Utica and Westport realized their interests may not be protected by defendant. The Tenth Circuit has held that delay should be measured from when the movant was on notice that its interests may not be protected by a party already in the case.[10] That date appears to be on or around November 27, 2013. In light of the foregoing, the court finds that the instant motions are timely.

## II. An Interest That May, as a Practical Matter, Be Impaired

The Tenth Circuit has adopted a *liberal* view in favor of allowing intervention that focuses on the practical effects of the case on the movant. Courts should exercise judgment based on the specific circumstances of the case.[11] The Tenth Circuit has

---

[9] ECF doc. 113 at 7.

[10] *See Oklahoma ex rel. Edmondson v. Tyson Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010) (holding that a potential party could not be said to have unduly delayed in moving to intervene if its interests had been adequately represented until shortly before the motion to intervene).

[11] *WildEarth Guardians*, 573 F.3d at 995.

addressed the "murky" notion of what constitutes a sufficient interest under Rule 24(a)(2), noting the widespread use—both in the Tenth Circuit and elsewhere—of the frequently referenced requirement that an interest be "direct, substantial and legally protectable" before intervention is permitted.[12] But it also cautioned against over-technical interpretation of the meaning of interest under the rule.[13] Rather, noting its more *liberal* approach to intervention, the Tenth Circuit has concluded that "[t]he central concern in deciding whether intervention is proper is the practical effect of the litigation on the applicant for intervention."[14]

Utica and Westport argue they have a financial interest in this case because they may bear the burden for any uncontested judgment. The movants claim that if the court "allows for disposition of this case by means of an uncontested judgment, without any defense on the merits of plaintiff's claims or to allegations of fact which could bear on Westport's coverage obligations, if any, such a judgment 'may as a practical matter impair or impede movant's ability to protect its interest.'"[15]

Plaintiff argues that the movants' contingent interest in pending litigation is an insufficient interest for purposes of intervention. In other words, because the movants' interest is contingent on their policies actually providing coverage, plaintiff argues the

---

[12] *San Juan County, Utah v. United States*, 503 F.3d 1163, 1192 (10th Cir. 2007).

[13] *Id.* at 1193.

[14] *Id.*

[15] ECF doc. 120 at 5.

movants do not have a sufficient stake in this action. Plaintiff cites several cases outside of the Tenth Circuit to support its claim that Utica and Westport's purported interest is insufficient to warrant intervention.[16]

As to the contingency of an interest, the Tenth Circuit interpreted its opinion in *City of Stilwell v. Ozarks Rural Elec. Cooperative Corp.*, 79 F.3d 1038 (10th Cir. 1996), affirming that not *every* contingent interest fails to satisfy Rule 24(a)(2).[17] Rather, "[a]lthough the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation."[18] Although Utica and Westport will only be adversely impacted if there is coverage for plaintiff's claims, denying intervention increases the likelihood of that adverse impact upon them. With these principles in mind, the court finds that Utica and Westport have stated a sufficient interest in this litigation for intervention as a matter of right.

"To satisfy the impairment element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention

---

[16] *See, e.g.*, *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638-39 (1st Cir. 1989) (denying intervention to an insurer seeking to intervene in underlying action because their interest in the liability phase of the proceedings was contingent on the resolution of the coverage issue and that interest was not cognizable for purposes of Rule 24(a)(2)).

[17] *San Juan County, Utah*, 503 F.3d at 1202.

[18] *Id.* at 1203.

is denied. This burden is minimal."[19] Here, if plaintiff is successful in the litigation, Utica and Westport may be responsible for all or part of the judgment. The movants claim they must have the opportunity to defend their interest in seeking to invalidate plaintiff's claims and argue that they could be bound by the determinations of this court on various issues via issue and/or claim preclusion that could adversely impact any subsequent adjudication of insurance coverage. Considering the minimal burden necessary under *WildEarth Guardians*, the court finds the movants have met their burden to show the possibility that their interest may be impaired if they are not allowed to intervene.

### III.  Adequate Representation of Utica and Westport's Interest

Even if Utica and Westport have an interest that may, as a practical matter, be impaired or impeded by the disposition of the case, they are not entitled to intervene unless they can demonstrate the existing defendant does not adequately represent their interests in this matter. "An intervenor need only show the *possibility* of inadequate representation."[20] The burden is minimal; "[t]he possibility of divergence of interest need not be great in order to satisfy the burden of the applicants."[21]

---

[19] *WildEarth Guardians*, 573 F.3d at 995 (quoting *Utah Ass'n of* Counties, 255 F.3d at 1253.

[20] *Id.* at 996.

[21] *Id.* (citing *Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of the Interior*, 100 F.3d 837, 844-45 (10th Cir. 1996)).

The agreement between plaintiff and defendant demonstrates that defendant has no intention to present any further defense in this case. Defendant withdrew its summary judgment motion (ECF doc. 103) and has agreed to enter a consent judgment with plaintiff. The court agrees with Westport—the agreement "effectively removed any incentive [for defendant] to contest liability, damages, or facts relevant to Westport's coverage."[22] The holding in *Campbell v. Plank*, 133 F.R.D. 175 (D. Kan. 1990) supports this finding.

*Campbell* involved an automobile accident case. The insurer was defending the driver until he entered into a settlement agreement that provided that the plaintiff would not oppose entry of a judgment against the driver. The agreement provided that the plaintiff would never garnish defendant or personally execute against him on any judgment and assigned any bad faith claim he may have against the insurer to the plaintiff. In granting the insurer's motion to intervene, the court stated, "[i]t is obvious that American [the insurer] has a financial interest in the outcome of this case. Likewise, the agreement between plaintiff and defendant demonstrates that defendant has little, if any, incentive to present a vigorous, adversarial defense."[23] The court concluded that the plaintiff failed to show the insurer was responsible for the absence of an adequate

---

[22] ECF doc. 122 at 5.

[23] *Campbell*, 133 F.R.D. at 176.

O:\ORDERS\12-2437-JPO-110.docx

9

representation of its interests, granted the insurer's motion to intervene, and allowed a jury trial contrary to the desire of plaintiff and defendant.[24]

Given the "minimal" burden placed on intervenors and the Tenth Circuit's liberal allowance of intervention, the court concludes that Utica and Westport have adequately demonstrated defendant may not adequately represent their interest in this matter. Accordingly, movants' motions to intervene as a matter of right (**ECF docs. 110 and 116**) are granted. In light of the foregoing, the court need not address movants' motion for permissive intervention under Rule 24(b).

Plaintiff asserts that if the court allows intervention, it should be premised on two conditions: 1) a determination that the movants accept coverage or indemnity obligation for the copyright damages claimed, and 2) defendant cannot alter the existing procedural status of the case.[25] Intervention as of right "may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."[26] The district court has the ability to lessen any potential delay by denying discovery.[27]

---

[24] *Id.*

[25] ECF doc. 121 at 8.

[26] *U.S. v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1396 (10th Cir. 2009) (quoting *San Juan County, Utah*, 503 F.3d at 1189); *see also Beauregard, Inc. v. Sword Servs., LLC*, 107 F.3d 351, 352-53 (5th Cir. 1997) ("It is now a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right.").

[27] *Id. See Arizona v. Motorola, Inc.*, 139 F.R.D. 141, 148 (D. Ariz. 1991) (denying discovery in settlement matter); *Dravo Corp. v. Zuber*, 804 F.Supp. 1182, 1187 (D. Neb.

Although this action has been pending for almost two years, movants essentially concede that their potential interest in this action only became impaired or impeded in late November 2013.[28] This is because up until that time the "defendants were actively defending liability and damages through counsel" the movants were providing to them.[29] The foregoing suggests that all discovery and other pretrial matters conducted by the parties prior to late November is adequate to protect movants' interests. When the movants' interests stopped being adequately protected, discovery already had closed and insurance-retained defense counsel had timely filed a comprehensive motion for summary judgment (ECF doc. 90). Only the pretrial conference and trial setting remained. Therefore, this action shall resume with the same procedural posture as of late November. Although the court is allowing Utica and Westport to intervene, their intervention is subject to the following conditions: 1) discovery is and shall remain closed; 2) the parties shall share all existing discovery with the movants; and 3) briefing shall proceed with a response and a reply with regard to the summary judgment motion

---

1992) (same); *United States v. Union Electric*, 132 F.3d 422, 430 (8th Cir. 1997) (denying evidentiary hearing); *United States v. BP Amoco*, 277 F.3d 1012, 1017 (8th Cir. 2002) (district court denial of discovery did not abuse discretion where intervenor had a "meaningful and sufficient opportunity to present arguments and submit evidence in opposition"); *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 94 (1st Cir. 1990) (no abuse of discretion where intervenor had opportunity to argue fully the issues and did not advise court of particular matter requiring live testimony).

[28] *See* ECF doc. 122 at 2.

[29] *Id.* at 6.

by defendant, which was filed on October 24, 2013, and withdrawn on December 2, 2013 (ECF docs. 103 and 106).

As earlier indicated, while both plaintiff and defendant have consented to the undersigned magistrate judge trying this case and entering final judgment, neither Utica nor Westport have so consented. In light of the foregoing, unless both Utica and Westport file fully executed consents by **January 17, 2014**, this case shall be re-assigned by the Clerk's Office to the previously presiding U.S. District Judge, J. Thomas Marten, to conduct all proceedings other than pretrial proceedings.[30] Counsel shall confer and submit a proposed amended scheduling order via e-mail to the undersigned judge's chambers by **January 17, 2014**.

IT IS SO ORDERED.

Dated January 8, 2014, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge

---

[30] During the December 19, 2013 telephone status conference, the parties suggested that they may be interested in mediating this case again. The court strongly encourages the parties to communicate and cooperate with each other and would be open to hearing arguments from counsel regarding a stay pending mediation. If the movants decide to file a separate declaratory judgment action to determine insurance coverage, the court would also be amenable to hearing arguments for a stay of this litigation pending those proceedings.